Michelle Baker (SBN 199130)
BAKER LAW GROUP LLP
6363 Greenwich Dr., Ste. 140
San Diego, California 92122
Telephone: (858) 452-0093
Facsimile: (858) 750-1049
E-mail: michelle@bakerllp.com

Jason Whooper (SBN 279972)
JASON WHOOPER ATTORNEY AT
LAW
6363 Greenwich Dr., Ste 140
San Diego, California 92122
Telephone: (619) 957-5169
Facsimile: (619) 717-2111
E-mail: jason@jasonwhooper.com

Attorneys for Plaintiff JULIE STILLER

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman Rejali (SBN 274517)
saman.rejali@klgates.com
Kate Hummel (SBN 305783)
kate.hummel@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant MMODAL
SERVICES, LTD.

FILED
CLERK U.S. DISTRICT COURT

JAN – 4 2018

CENTRAL DISTRICT OF CALIF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE STILLER, an individual, | |
| Plaintiff, | Case No.: 5:18-cv-01067-DSF-E |
| vs. | ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |
| MMODAL SERVICES, LTD, a corporation dba M*MODAL; and DOES 1 through 100, inclusive, | [Assigned to the Honorable Dale S. Fischer; Magistrate Judge Charles F. Eick] |
| Defendants. | |

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Julie Stiller ("Plaintiff") and Defendant MModal Services, Ltd., *dba* M*Modal ("Defendant") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties specifically acknowledge that this Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order also does not govern the use at trial of material designated under this order.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may

not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation

    **2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

    **2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of

3

designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3** **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.** **CHALLENGING THE CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.** **ACCESS TO DESIGNATED MATERIAL**

**4.1** **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to categories of persons under the conditions described in this Order.

**4.2** **Disclosure of CONFIDENTIAL Material Without Further Approval.**

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound

(Exhibit A);

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3     Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2** The Court and its personnel;

**4.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**4.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4     Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.** Unless agreed to in writing by the designator:

**4.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**4.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    confidentiality agreements, and the party seeking to disclose the information to

2    the expert shall be available to meet and confer with the designator regarding

3    any such confidentiality obligations.

4        **4.4.3** A party that makes a request and provides the information specified

5    in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the

6    identified in-house counsel or expert unless, within seven days of delivering the

7    request, the party receives a written objection from the designator providing

8    detailed grounds for the objection.

9        **4.4.4** All challenges to objections from the designator shall proceed

10   under L.R. 37-1 through L.R. 37-4.

11   **5.**    **PROSECUTION BAR**

12       Absent written consent from the designator, any individual who receives access

13   to HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information shall not be

14   involved in the prosecution of patents or patent applications concerning the field of the

15   invention of the patents-in-suit for the receiving party or its acquirer, successor,

16   predecessor, or other affiliate during the pendency of this action and for one year after

17   its conclusion, including any appeals. "Prosecution" means drafting, amending,

18   advising on the content of, or otherwise affecting the scope or content of patent claims

19   or specifications. These prohibitions shall not preclude counsel from participating in

20   reexamination or *inter partes* review proceedings to challenge or defend the validity of

21   any patent, but counsel may not participate in the drafting of amended claims in any

22   such proceedings.

23   **6.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

24         **IN OTHER LITIGATION**

25       **6.1**    **Subpoenas and Court Orders.** This Order in no way excuses

26   noncompliance with a lawful subpoena or court order. The purpose of the duties

27   described in this section is to alert the interested parties to the existence of this Order

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  and to give the designator an opportunity to protect its confidentiality interests in the

2  court where the subpoena or order issued.

3       **6.2**   **Notification Requirement.** If a party is served with a subpoena or a

4  court order issued in other litigation that compels disclosure of any information or

5  items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL –

6  ATTORNEY EYES ONLY that party must:

7       **6.2.1** Promptly notify the designator in writing. Such notification shall

8       include a copy of the subpoena or court order;

9       **6.2.2** Promptly notify in writing the party who caused the subpoena or

10       order to issue in the other litigation that some or all of the material covered by

11       the subpoena or order is subject to this Order. Such notification shall include a

12       copy of this Order; and

13       **6.2.3** Cooperate with all reasonable procedures sought by the designator

14       whose material may be affected.

15  **7.   UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

16  If a receiving party learns that, by inadvertence or otherwise, it has disclosed

17  designated material to any person or in any circumstance not authorized under this

18  Order, it must immediately (1) notify in writing the designator of the unauthorized

19  disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated

20  material, (3) inform the person or persons to whom unauthorized disclosures were

21  made of all the terms of this Order, and (4) use reasonable efforts to have such person

22  or persons execute the Agreement to Be Bound (Exhibit A).

23  **8.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

24       **PROTECTED MATERIAL**

25  When a producing party gives notice that certain inadvertently produced

26  material is subject to a claim of privilege or other protection, the obligations of the

27  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

28  This provision is not intended to modify whatever procedure may be established in an

1  e-discovery order that provides for production without prior privilege review pursuant

2  to Federal Rule of Evidence 502(d) and (e).

3  **9.   FILING UNDER SEAL**

4       Without written permission from the designator or a Court order, a party may

5  not file in the public record in this action any designated material.  A party seeking to

6  file under seal any designated material must comply with L.R. 79-5.1.  Filings may be

7  made under seal only pursuant to a court order authorizing the sealing of the specific

8  material at issue.  The fact that a document has been designated under this Order is

9  insufficient to justify filing under seal.  Instead, parties must explain the basis for

10  confidentiality of each document sought to be filed under seal.  Because a party other

11  than the designator will often be seeking to file designated material, cooperation

12  between the parties in preparing, and in reducing the number and extent of, requests

13  for under seal filing is essential.  If a ***receiving party's*** request to file designated

14  material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving

15  party ***may file the material in the public record unless*** (1) ***the designator*** seeks

16  reconsideration within four days of the denial, or (2) as otherwise instructed by the

17  Court.

18  **10.   FINAL DISPOSITION**

19       Within 60 days after the final disposition of this action, each party shall return

20  all designated material to the designator or destroy such material, including all copies,

21  abstracts, compilations, summaries, and any other format reproducing or capturing any

22  designated material.  The receiving party must submit a written certification to the

23  designator by the 60-day deadline that (1) identifies (by category, where appropriate)

24  all the designated material that was returned or destroyed, and (2) affirms that the

25  receiving party has not retained any copies, abstracts, compilations, summaries, or any

26  other format reproducing or capturing any of the designated material.  This provision

27  shall not prevent counsel from retaining an archival copy of all pleadings, motion

28  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**SO STIPULATED.**

All other signatories listed, and whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 21, 2018        By:   s/ *Michelle Baker*
                                      Michelle Baker
                                      Jason A. Whooper

                                      Attorneys for Plaintiff JULIE
                                      STILLER


                                      K&L Gates LLP


Dated: December 21, 2018        By:   s/ *Kate G. Hummel*
                                      Christopher J. Kondon
                                      Saman M. Rejali
                                      Kate G. Hummel

                                      Attorneys for Defendant
                                      MMODAL SERVICES, LTD.


**APPROVED AND SO ORDERED.**


Dated: _1/4/19_

United States Magistrate Judge

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ , of _____,

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California on _____ in the case of *Julie Stiller v. MModal*

*Services, Ltd. Dba M\*Modal*, Case No. 5:18-cv-01067-DSF-E. I agree to comply with

and to be bound by all the terms of this Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

for contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ at _____

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

1

**EXHIBIT A - STIPULATED PROTECTIVE ORDER**